UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRIGORY KRIVTSOV,
    Petitioner,

vs.    Case No.: 2:23-cv-1147

UR M. JADDOU
Director U.S. Citizenship & Immigration Services
ALEJANDRO MAYORKAS
Secretary U.S. Department of Homeland Security
ANDREW DAVIDSON
USCIS Asylum Division Chief
VARSENIK PAPAZIAN
Director of Miami Asylum Office

    Respondents.
_____/

### PETITION FOR A WRIT IN THE NATURE OF MANDAMUS

    Petitioner, GRIGORY KRIVTSOV, by and through his attorney, in the above-captioned matter, and for causes of action would show unto the Court the following:

    1.    The action is brought to compel an interview due to the Petitioner's affirmative asylum application as the Respondents failed to adjudicate the application for more than seven years in violation of 5 U.S.C. §555(b), which states in pertinent part, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency *shall proceed to conclude* a matter presented to it." (Emphasis added.)

    2.    Petitioner seeks a writ in the nature of mandamus to compel Respondents'

1

adjudication of the asylum application filed by Petitioner pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, in that Respondents are unlawfully withholding or unreasonably delaying action on Petitioner's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Petitioner's case.

3. The action is brought to enjoin Respondents from violating Petitioner's constitutional rights; the Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law and the Equal Protection Clause of the Fourteenth Amendment requires the government to adjudicate Petitioner's application as compared to other similarly situated applicants.

## PARTIES

4. Petitioner, GRIGORY KRIVTSOV, is a citizen of the Russian Federation, and resides in Rotonda West, Florida, within the jurisdiction of the Middle District of Florida.

5. Respondent, UR M. JADDOU, is the Director of the U.S Citizenship & Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary of the Department of Homeland Security's supervision and an official generally charged with the overall administration of benefits and immigration services. 8 C.F.R. §100.2(a). She is sued in his official capacity.

6. Respondent, ALEJANDRO MAYORKAS, is the Secretary of the Department of Homeland Security (DHS), and the action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a); 8 C.F.R. §2.1.

7. Respondent, ANDREW DAVIDSON, is the USCIS Asylum Division Chief, the

division within USCIS that is responsible for conducting credible fear interviews, reasonable fear interviews, and asylum interviews for affirmative asylum applicants. In that capacity, Respondent Davidson has direct authority over all USCIS policies, procedures and practices relating to affirmative asylum procedures and protocols for persons seeking protection from persecution or torture. He is sued in his official capacity.

8. Respondent, VARSENIK PAPAZIAN, is the Director of the Miami Asylum office, the asylum division within USCIS that is responsible for conducting credible fear interviews, reasonable fear interviews, and asylum interviews for affirmative asylum applicants in the Miami area. In that capacity, PAPAZIAN has direct authority over the applications pending in the Miami Asylum Office. She is sued in his official capacity.

## JURISDICTION

9. Jurisdiction in the case is proper under the Mandamus Act, 28 U.S.C. §1361, and federal question jurisdiction under 28 U.S.C. §1331, which provides jurisdiction to the district courts for all civil actions arising under the Constitution, laws, or treaties of the United States. Petitioner is an asylum seeker whose asylum application has been unlawfully and unreasonably delayed for almost even years. Jurisdiction in the case is proper under 5 U.S.C. §§555(b), 706(1), 28 U.S.C. §1331, and the Constitution of the United States of America. Relief is requested pursuant to said statutes and laws.

## VENUE

10. The venue is proper in the District pursuant to 28 U.S.C. §§1391(b) and 1391(e) because Respondents are officers or employees of agencies of the United States government who are acting in their official capacity under color of legal authority; a substantial portion of the events and omissions giving rise to the claims stated herein occurred in the District; and Petitioner resides in the District.

## CAUSE OF ACTION: UNREASONABLE DELAY IN ADJUDICATION

11. Petitioner is seeking asylum in the United States.

12. The petitioner filed an application for asylum, withholding of removal, and CAT with USCIS on January 13, 2017 (**Exhibit 1 – Acknowledgment of Receipt of Form I-589**).

13. A writ of mandamus may issue under the following criteria:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380–81 (2004) (alterations in original)

14. Petitioner cannot be granted asylum except through the application made with Respondents.

15. Respondents within the Department of Homeland Security owe Petitioner a duty to interview him and adjudicate his asylum application, under 8 C.F.R. §208.9(a) and (b), and Petitioner is clearly within the "zone of interests" contemplated in said regulation, as formulated by the US Supreme Court in *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 150 (1970).

16. On October 26, 2023, Petitioner attempted to contact USCIS Miami Asylum Office to determine the status of his application. **See Exhibit 2 (Status request to USCIS).** No response was received from USCIS.

17. On October 26, 2023, Petitioner submitted a request for a case status to the Ombudsman office in Washington D.C. On December 6, 2023, the Ombudsmen's office answered that due to continued processing delays at USCIS and the resulting volume of requests for case assistance we receive, the CIS Ombudsman's Office has not yet been able to take action on the request. **See Exhibit 3 (The request to Ombudsmen and answer)**.

4

18. On November 10, 2023, Petitioner submitted a request for a case status to Senator, Marco Rubio. No response was received from the Senator's Office. **See Exhibit 4 (Letter with a request to check the status of the Asylum Application Request to expedite the Asylum interview)**.

19. Respondents have sufficient information to determine Petitioner's asylum eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

20. Respondents, in violation of 5 U.S.C. §701 *et seq*, are unlawfully withholding or unreasonably delaying action on Petitioner's asylum application and have failed to carry out the adjudicative functions delegated to them by law with regard to Petitioner's case.

21. Although the Respondents have acknowledged that the asylum case is filed and pending, captured Petitioner's biometrics, and although they have been requested on numerous occasions to proceed with the case and complete it, they have continuously and unreasonably failed and refused to do so.

22. There is no reason that Petitioner is disqualified for asylum. Even though the Respondents may wish to investigate the case, there is no reason for the investigations to take that long. Moreover, no indication of any kind of investigation was provided.

23. Federal Courts have noted that "due process requires, at a minimum, that...asylum petitioners are accorded an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., that they receive a full and fair hearing on their claims." *Rusu v. USINS*, 296 F.3d 316, 321 (4th Cir. 2002). It has also rejected actions by a party which form "a strategy of delay, delay, and more delay" that "string out the proceedings on flimsy grounds..." *Diop v. Lynch*, 807 F.3d 70, 76 (4th Cir. 2015).

24. Courts have also recognized that unreasonable delay is subject to a six-factor analysis to determine whether a delay is reasonable. *See Aslam v. Mukasey*, 531 F. Supp. 2d 736, 744 (E.D.Va. 2008). The process recognizes that "an agency must be given adequate time to complete an adjudication that is complex or labor intensive," but also recognizes that "it is the government's burden to offer an explanation for a particular delay." *Id.* Here, there has been no explanation offered whatsoever, beyond a mere statement that the application continues to be processed.

25. Courts have found in which cases the delays were unreasonable. *See, e.g., Mugomoke v. Curda*, 2:10-CV-02166 KJM, 2012 WL 113800 at * 9 (E.D. Cal. Jan. 13, 2012) (denying the Respondents' motion for summary judgment because they did not present evidence that seven-year delay was reasonable); *AlShamsawi v. Holder,* No. 2:10–CV194 CW, 2011 WL 1870284 at * 4 (D.Utah May 16, 2011) (finding that over six years delay was unreasonable).

26. The indefinite nature of the delay in adjudicating his application has real and not insubstantial effects on the Petitioner's life and livelihood, including limitations on his ability to travel, and the financial and bureaucratic burdens of regularly filing travel and work applications. The interminable delay in processing the Petitioner's asylum application has placed a severe mental and emotional burden on the Petitioner. Emotional well-being is an additional consideration under the third factor – the impact the delay has on "human health and welfare." *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984).

27. Petitioner has been greatly damaged by the failure of Respondents to act in accordance with their duties under the law, to-wit: Petitioner has been deprived on the substantial and unique

benefits of asylum protection, including a pathway to citizenship, political rights, including the right to vote, to the right to freely enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport and the protection of the United States government when outside the United States.

## EXHAUSTION OF REMEDIES

28. Petitioner has exhausted all his administrative remedies. Petitioner has, since the date of filing his application on January 13, 2017, made numerous inquiries regarding the status of his case, but has received no action or *meaningful* response.

29. Most recently, Petitioner requested the Miami Asylum Office and Congressman to update him on the status of his case and schedule the asylum interview.

30. No meaningful response was ever received from any requests.

31. Petitioner exhausted all reasonable means to get his asylum interview scheduled.

## PRAYER

**WHEREFORE**, in view of the facts pleaded and authority noted herein, Petitioner respectfully requests that the Respondents be cited to appear herein and that, upon due consideration, the Court:

1. Order Respondents to adjudicate Petitioner's application for asylum to schedule an interview within 30 days; and

2. Issue a declaratory judgment holding unlawful Respondents' actions in failing to adjudicate Petitioner's application in violation of his Fifth Amendment Due Process Rights and in violation of the Equal Protection Clause of the Fourteenth Amendment, and

3. Grant an award of damages to be determined; and

4. Grant an award of reasonable attorney fees under the Equal Access to Justice Act; and

5. Award any such other and further relief at law and in equity as justice may require.

The 6th day of December, 2023.

                          Shamayev Business Law
                          Yulia Pavlova, Esq.
                          Attorney for Petitioner
                          2999 NE 191st St
                          SUITE 907 Aventura, FL 33180
                          Telephone: (727) 458-1422
                          Facsimile: (954) 272-7535
                          yp@shamayevlaw.com

By:    _/s/ Yulia Pavlova_

                          Yulia Pavlova, Esq.
                          Florida Bar No. 1038459